## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-1780** (Mineral County 10-F-155)

**Christopher J. Kroner,**
**Defendant Below, Petitioner**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner's appeal, by counsel Nicholas T. James, arises from the Circuit Court of Mineral County, wherein he was sentenced to a term of incarceration of ten to twenty years for one count of sexual abuse by a custodian and a term of incarceration of one to five years for child abuse causing injury, said sentences to run consecutively. That order was entered on November 18, 2011. The State, by counsel Laura Young, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 8, 2010, petitioner was indicted by grand jury on the following counts: sexual assault in the first degree; incest; sexual abuse by a custodian/guardian or other person in a position of trust; and, child abuse resulting in injury. Pursuant to a plea agreement, petitioner pled no contest to one count of sexual abuse by a guardian and one count of child abuse resulting in injury. The remaining counts were dismissed. A plea hearing was held on August 3, 2011, after which petitioner was sentenced to a term of incarceration of ten to twenty years for sexual abuse by a custodian and a term of incarceration of one to five years for child abuse resulting in injury, said sentences to run consecutively.

On appeal, petitioner alleges that he did not knowingly, intelligently, and voluntarily enter into the plea. In support, petitioner argues that he thought he was entering a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970); that his attorney failed to argue for probation at sentencing; that he was not properly evaluated by a psychiatrist in order to be eligible for probation consideration; that the circuit court failed to thoroughly investigate his competency; and that he was coerced into entering the plea agreement through threats of a longer sentence. In response, the State argues that the petitioner received the appropriate evaluation in order to be

1

considered for probation, and that petitioner was denied probation because of his prior criminal record and the fact that he was not amenable to treatment. Further, the State argues that the record demonstrates that petitioner was competent and fully understood the proceedings, and that his remote prior head injury did not affect his competency to enter a plea. Lastly, the State argues that petitioner was not threatened with additional incarceration, but was instead accurately informed of the potential exposure he faced if he decided to contest all the charges at trial.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, the Court has previously stated that,

> [i]n *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), we detailed the procedural safeguards to be undertaken on the record by the trial judge before accepting a defendant's . . . plea, so that a reviewing court could determine that the defendant's waiver of rights was voluntary, knowing, and intelligent.

*State v. Neuman*, 179 W.Va. 580, 584, 371 S.E.2d 77, 81 (1988).

Here, the record reflects that the circuit court took the necessary steps to ensure that petitioner's no contest plea was freely, knowingly, and voluntarily made and that petitioner was fully advised of all the rights he was giving up by pleading no contest. The record also reflects that petitioner unequivocally informed the circuit court that he understood his rights; that he wished to plead no contest to the crimes charged; and that no one had unduly influenced him to plead. For these reasons, the Court finds that petitioner knowingly, freely, intelligently, and voluntarily pled no contest to the charges of sexual abuse by a custodian and child abuse resulting in injury.

While petitioner argues that he thought he was entering an *Alford* plea, he cites to no evidence in the record to support this assertion and the Court finds no merit in the argument. Similarly, we find no merit in petitioner's arguments related to his psychiatric evaluation and counsel's attempts to obtain probation. The record clearly shows that the circuit court and all parties agreed to have petitioner evaluated by a psychologist because of the lack of psychiatrists in the area, and such evaluation did not bar petitioner from being eligible for probation. Further, the record shows that at the sentencing hearing, petitioner's counsel specifically asked the circuit court if probation would be an option, to which the circuit court stated that probation would be "out of the question in this particular case." As such, the fact that petitioner did not receive probation does not render his plea involuntary. Lastly, the Court finds no merit in petitioner's argument that he was "threatened with [thirty-five] to life to sign a plea bargain." As noted by the State, this was simply an accurate reflection of the possible sentence petitioner faced if he was tried on all four counts with which he was originally indicted.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II